United States Bankruptcy Court
For the District of Maryland

| | | |
|---|---|---|
| In re: | * | Case No: 19-19424 |
| Gregory J. Casamento, Debtor | * | Chapter 13 |
| | * | |

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

<u>Motion to Direct Payment of Plan Funds to Undersigned Counsel</u>

Now comes Counsel for the Debtor(s), James R. Logan and James R. Logan PA and

moves this Court pursuant to 11 U.S.C. sections 503, 1326 and 330, to direct that certain funds

being held by the Chapter 13 Trustee to be paid to Counsel, and states as follows:

1. On July 12, 2019, Debtor filed for Chapter 13 relief.  This case was filed to protect the Debtor's real property located at 14218 Oxford Drive, Laurel MD  20707.

2. Pursuant to the 2016(b) filed with the Court, Counsel's office received $1,500.00 from the Debtor before the case was filed.

3. As of the date of the filing of this Motion, the Chapter 13 Trustee was holding $943.00 in funds from the Debtor.

4. Our office prepared and filed the Chapter 13 petition, schedules and plan on July 12, 2019, and performed the following tasks and duties during the pendency of the case:

   a. Our office collected documents from the Debtor and forwarded them to the trustee appointed in this case. Additionally, our office sent the Debtor regular mail and email reminders about the meeting and called the Debtor prior to the meeting date.  (approx. 3 hours)

   b. On or about October 10, 2019 counsel from our office attended the meeting of creditors with the Debtor.  (approx 0.5 hours)

   c. On or about October 21, 2019,  our office prepared, filed and served an Amended Plan on behalf of the Debtor.  (approx 1.5 hours)

   d. On or about November 18, 2019,  our office prepared, filed and served an Amended Plan on behalf of the Debtor.  (approx 1.5 hours)

    e.   On or about December 17, 2019,  our office prepared, filed and served Amended Schedules on behalf of the Debtor.  (approx 2 hours)

    f.   On or about December 24, 2019 our office prepared, filed and served an Amended Plan on behalf of the Debtor.  (approx 1.5 hours)

    g.   On or about February 3, 2020, a Consent Order was entered on behalf of the Debtor in response to the Motion for Relief from Stay filed on October 14, 2019 by Bank  of America N.A. after negotiation by counsel from our office with the lender and consulting with the Debtor regarding his payment history and desired course of action.  (approx 3 hours)

    h.   On or about February 4, 2020, our office prepared, filed and served an Amended Plan on behalf of the Debtor.  (approx 1.5 hours)

    i.   Our office responded to various emails and telephone calls with the Debtor to resolve outstanding issues in the case.

    j.   Our office worked with the Trustee to prepare for and resolve confirmation issues for several different confirmation dates.

    k.

    l.   Our office prepared and filed a line requesting an Order Denying Confirmation without Leave to Amend.  (approx 0.5 hours)

5.   In consideration of the work performed above, Counsel requests that the Court allow total compensation in the amount of $4,925.00.  No contemporaneous time records were kept in this case, but undersigned Counsel respectfully submits and hereby affirms to the Court that the fees for the legal services expended and the legal services performed on behalf of the debtor were both reasonable and necessary based upon the customary compensation charged by Counsel and comparably skilled attorneys.  Counsel further submits that the flat fee set forth above is proper and equitable.

6.   Counsel requests that the Chapter 13 trustee pay Counsel directly from the funds the Trustee is holding toward the attorney fees, less any funds received from the Debtor and any applicable Trustee fees.

7.   Pursuant to 11 U.S.C. 1326 (A)(2), "If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503 (b) of this title." The code provides that administrative expenses, "including compensation or reimbursement awarded under section 330(a) of this title are allowed. Furthermore, the court may allow reasonable compensation to the debtor's attorney for representing the interest of the debtor in connection with the bankruptcy case based on a

consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.  11 USC 330(a)(4)(B ).

8. Therefore, in a Chapter 13 case, Debtor's Counsel is within the scope of section 330(a) and counsel fees are an administrative expense.  This administrative expense is entitled to payment directly from the funds held by the Chapter 13 Trustee.

9. No agreement or understanding exists between Counsel and any other person for the division or sharing of compensation for services rendered or costs advanced in connection with Counsel's representation of the Debtor.

Wherefore, Counsel requests that the Court order the Chapter 13 Trustee to pay the fees requested in this application directly to Counsel from the pre-confirmation payments held by the Chapter 13 Trustee.

Respectfully submitted:

_____/s/ James R. Logan_____

James R. Logan, Esq.
2419 Maryland Avenue
Baltimore, MD 21218
410-243-1508

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to direct funds to be paid were sent electronically via ECF on March 24, 2020 to the below listed parties:

Timothy P. Branigan, Trustee  Via:  cmecf@chapter13maryland.com

/S/ James R. Logan____

James R. Logan

I HEREBY CERTIFY that a copy of the foregoing Motion to direct funds to be paid were sent via first class mail, postage pre-paid March 24, 2020 to the below listed parties;

Gregory Casamento
14218 Oxford Drive
Laurel MD  20707

/s/ James R. Logan

James R. Logan